IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1999 SESSION



FILED

August 12, 1999

Cecil Crowson, Jr.

Appellate Court Clerk

| | | |
|---|---|---|
| RODNEY L. JEFFRIES, | * | C.C.A. # 02C01-9807-CR-00214 |
| Appellant, | * | SHELBY COUNTY |
| VS. | * | Hon. James C. Beasley, Jr., Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Rodney Jeffries, Pro Se
L.C.C.X., Site 1
P.O. Box 1000
Henning, TN  38041
(on appeal)

Monica Simmons, Attorney
200 Jefferson Avenue
Memphis, TN  38103
(at trial)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Counsel for the State
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, TN  37243-0493

Scott Gordon
Assistant District Attorney General
Shelby County District
        Attorney General's Office
201 Poplar Avenue, Third Floor
Memphis, TN  38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

OPINION

The petitioner, Rodney L. Jeffries, appeals the trial court's denial of several petitions for post-conviction relief. In this appeal of right, the petitioner claims that his guilty pleas were neither knowing nor voluntary and were made without the effective assistance of counsel.

We affirm the judgment of the trial court.

On March 11, 1998, the petitioner filed a series of post-conviction petitions attacking convictions resulting from guilty pleas entered February 3, 1997:

| Offense | Sentence |
| --- | --- |
| Attempted aggravated robbery | Three years |
| Aggravated robbery | Eight years |
| Aggravated assault | Three years |
| Aggravated assault | Three years |
| Aggravated burglary | Three years |
| Aggravated burglary | Three years |
| Especially aggravated kidnaping | Fifteen years |
| First degree murder | Life |

Counsel was appointed, the petitions were amended, and the state filed a response. At the evidentiary hearing, the petitioner testified that his trial counsel spoke with him only ten to fifteen minutes before the pleas were entered. He claimed that when he entered his pleas he was depressed and did not understand the consequences of his pleas. He maintained that his trial counsel advised him to tell the truth and that the trial court would "go easy" on him. The petitioner stated that he did not realize that he had pleaded guilty to first degree

2

murder until he appeared at the sentencing hearing. He stated that he did not voice his confusion and concern at the plea proceeding because he trusted his attorney who had told him what to do.

On cross-examination, the petitioner conceded that the trial court had imposed the minimum sentence for each conviction and ordered them to be served concurrently. He admitted to having familiarity with the criminal justice system, having entered pleas of guilt on four prior occasions, and he made no claim that he misunderstood the rights he had waived in those proceedings. He acknowledged that the trial court had informed him that he was not required to testify; that if he proceeded through a trial, he would have had an appeal as of right; and that by entering guilty pleas, he waived his right to appeal the convictions. He admitted that he had no complaints with his trial counsel at the plea proceeding and he had been informed by the trial court of the range of punishment for each conviction.

Trial counsel testified that he began practicing law in 1961 and had tried many murder cases. He recalled having made eighteen court appearances on behalf of the petitioner and having visited him in jail at least ten times. He specifically remembered explaining to the petitioner the range of punishment for first degree murder and asserted that the petitioner had voluntarily confessed. Trial counsel stated that there were no alibi witnesses and that the petitioner entered his plea because he wanted to "get this matter behind him and get on with his life." While trial counsel did recall that the petitioner appeared to be depressed because the murder victim had been a distant relative, he expressed certainty that the petitioner had understood his choices and was aware that the minimum sentence was a life term. Trial counsel testified that the state never offered the opportunity of a plea agreement on reduced charges.

3

The post-conviction court determined that the petitioner had been advised of the range of punishment at the submission hearing and that the resultant convictions could be used against him in the future. It determined that the petitioner had understood his right not to testify and that he relinquished that right when he entered his pleas of guilt. The post-conviction court found that the petitioner knew that his right to appeal extended only to his sentences and not the convictions; that if trial counsel had failed to inform the petitioner that he could appeal his sentences, the trial court had done so; and that the indictments were facially valid. The trial court also determined that the "heart" of the petitioner's complaint was his displeasure with the life sentence:

> The question of credibility comes to play in whether or not Mr. Jeffries was advised that by cooperating, by pleading guilty to the judge, by testifying, that he would get a sentence less than life in prison. And, from an overall view of the transcript, very specifically Judge Craft points out that by pleading guilty to murder the only punishment available is life or life without parole in this case. That the possibility of consecutive sentencing still existed when he entered the plea. The range[s] of punishment[ ] were thoroughly explained to Mr. Jeffries .... And an extensive voir dire for a guilty plea, one of the most extensive ones I think I have ever seen. And, that there is no question that Mr. Jeffries was aware of and advised that by pleading guilty to the charge of murder, the question of sentencing was going to be left to the judge. And, the range of punishment for the murder charge was either life or life without parole.

The trial court then made several observations about the quality of the petitioner's trial counsel taking into account his reputation, his ability, and trial skills. It ruled that the guilty pleas were freely, voluntarily, and knowingly entered and based upon the effective assistance of counsel:

> [It further appears to the court] after a full evidentiary hearing on defendant's petitions, testimony from defendant, Ronald Jeffries, his original Attorney, James V. Ball, and the evidence adduced at the hearing, consisting of the Plea Petition and Waiver, the Transcript of the Plea Proceedings, and the Sentencing hearing,

4

that the Petitioner's petitions are not well taken and
should be denied.

In Boykin v. Alabama, 395 U.S. 238 (1969), the United States
Supreme Court ruled that defendants should be advised of certain of their
constitutional rights before entering pleas of guilt. Included among those required
warnings are the right against self-incrimination, the right to confront witnesses, and
the right to trial by jury. Id. at 243. The overriding Boykin requirement is that the
guilty plea must be knowingly and voluntarily made. Id. at 242-44. The plea must
represent a "voluntary and intelligent choice among the alternative courses of action
open to the defendant." North Carolina v. Alford, 400 U.S. 25 (1970). If the proof
establishes that the petitioner was aware of his constitutional rights, he is entitled to
no relief. Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992). "[A] plea is not
voluntary if it is a product of 'ignorance, incomprehension, coercion, terror,
inducements, [or] subtle or blatant threats.'" Blankenship v. State, 858 S.W.2d 897,
904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43).

In order to be granted relief on grounds of ineffectiveness assistance
of counsel, the petitioner must establish that the advice or the services provided
were not within the range of competence demanded of attorneys in criminal cases
and that, but for his counsel's deficient performance, the result of his trial would
have been different. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Strickland
v. Washington, 466 U.S. 668 (1984). This two-part standard, as it applies to guilty
pleas, is met when the petitioner establishes that, but for his counsel's errors, he
would not have pled guilty and would have insisted on a trial. Hill v. Lockhart, 474
U.S. 52, 59 (1985).

Under our statutory law, the petitioner bears the burden of proving his

5

allegations by clear and convincing evidence.  Tenn. Code Ann. § 40-30-210(f).  On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988).  The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

Here, the record supports the finding of the trial court.  The petitioner has been unable to establish that he would not have pled guilty or would have insisted on a trial absent deficiencies in the performance of his trial counsel.  In our view, the proof clearly establishes that the guilty pleas were knowingly and voluntarily made.  Despite his prior record, the petitioner received concurrent minimum sentences.  The transcript confirms that the petitioner was fully aware of the consequences of his pleas.  Accordingly, the judgment of the trial court is affirmed.

                                                  _____

Gary R. Wade, Presiding Judge

CONCUR:


_____
Joseph M. Tipton, Judge



  See separate concurring opinion  
Thomas T. Woodall, Judge

6